PREET BHARARA
United States Attorney for the
Southern District of New York
By:  STEPHEN CHA-KIM
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.:  (212) 637-2768
Fax:  (212) 637-2702
E-mail: stephen.cha-kim@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
CECILIA RAMIREZ,                                     :
                                                     :
                              Plaintiff,             :      15 Civ. 7306 (WHP)
                                                     :
              -v-                                    :      **ANSWER**
                                                     :
UNITED STATES OF AMERICA,                            :
                                                     :
                              Defendant.             :
                                                     :
------------------------------------------------------------ X

        Defendant United States of America ("Defendant"), by its attorney, Preet Bharara, United

States Attorney for the Southern District of New York, hereby answers the complaint of Plaintiff

Cecilia Ramirez ("Plaintiff") upon information and belief as follows:

        1.        Paragraph 1 of the complaint consists of legal conclusions and a description of the

asserted legal basis of the Plaintiff's claims to which no response is required. To the extent that a

response is deemed required, admits that Plaintiff was seen by Carli P. Klinghoffer, M.D.

        2.        Paragraph 2 of the complaint consists of a description of the asserted legal basis

of the Plaintiff's claims to which no response is required. To the extent that a response is deemed

required, denies the factual allegations in paragraph 2 of the complaint.

        3.        Paragraph 3 of the complaint consists of legal conclusions to which no response is

required.

4.      Denies the allegations contained in paragraph 4 of the complaint.

5.      Paragraph 5 of the complaint consists in part of legal conclusions to which no response is required. To the extent a response is deemed required, denies the allegations contained in paragraph 5 of the complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the complaint.

7.      Denies the allegations contained in paragraph 7 of the complaint.

8.      Admits the allegations contained in paragraph 8 of the complaint.

9.      Admits the allegation contained in paragraph 9 of the complaint.

10.     Denies the allegations contained in the first sentence of paragraph 10 of the complaint. The second sentence of paragraph 10 consists of a legal conclusion to which no response is required.

11.     Paragraph 11 of the complaint contains a statement of jurisdiction to which no response is required.

12.     Paragraph 12 of the complaint contains a statement of venue to which no response is required.

13.     Admits that Plaintiff came under Klinghoffer's care but denies the allegations as to the dates of care contained in paragraph 13 of the complaint.

14.     Admits that Plaintiff was prescribed Perphenazine but denies the allegations as to the dates that the drug was prescribed contained in paragraph 14 of the complaint.

15.     Denies the allegations contained in paragraph 15 of the complaint.

16.     Denies the allegations contained in paragraph 16 of the complaint.

17.     Denies the allegations contained in paragraph 17 of the complaint.

18.     Denies the allegations contained in paragraph 18 of the complaint.

19.     Denies the allegation contained in paragraph 19 of the complaint.

20.     Repeats and realleges each and every response to the allegations contained in paragraphs 1 through 19 of the complaint.

21.     Admits the allegations contained in paragraph 21 of the complaint.

22.     Denies the allegations contained in paragraph 22 of the complaint.

23.     Admits that Plaintiff came under Klinghoffer's care but denies the allegations as to the dates of care contained in paragraph 23 of the complaint.

24.     Admits that Plaintiff was prescribed Perphenazine but denies the allegations as to the dates that the drug was prescribed contained in paragraph 24 of the complaint.

25.     Denies the allegations contained in paragraph 25 of the complaint.

26.     Paragraph 26 of the complaint consists of legal conclusions to which no response is required.

27.     Denies the allegations contained in paragraph 27 of the complaint.

28.     Paragraph 28 of the complaint consists in part of legal conclusions to which no response is required. To the extent that a response is deemed required, denies the allegations contained in paragraph 28 of the complaint.

29.     Denies the allegations contained in paragraph 29 of the complaint.

30.     Paragraph 30 of the complaint consists of legal conclusions to which no response is required.

31.     Denies the allegations contained in paragraph 31 of the complaint.

32.     Denies the allegations contained in paragraph 32 of the complaint.

33.     Denies the allegations contained in paragraph 33 of the complaint.

34.     Paragraph 34 of the complaint consists of a legal conclusion to which no response is required. To the extent that a response is deemed required, denies the allegations contained in paragraph 34 of the complaint.

35.     Paragraph 35 of the complaint consists of a legal conclusion to which no response is required. To the extent that a response is deemed required, denies the allegations contained in paragraph 35 of the complaint.

36.     Repeats and realleges each and every response to the allegations contained in paragraphs 1 through 35 of the complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the complaint.

38.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the complaint.

39.     Denies the allegations contained in paragraph 39 of the complaint.

40.     Denies the allegations contained in paragraph 40 of the complaint.

41.     Paragraph 41 of the complaint consists of a legal conclusion to which no response is required. To the extent that a response is deemed required, denies the allegations contained in paragraph 41 of the complaint.

42.     Paragraph 42 of the complaint consists of a legal conclusion to which no response is required. To the extent that a response is deemed required, denies the allegations contained in paragraph 42 of the complaint.

43.     Repeats and realleges each and every response to the allegations contained in paragraphs 1 through 42 of the complaint.

44.     Denies the allegations contained in paragraph 44 of the complaint.

45.      Denies the allegations contained in paragraph 45 of the complaint.

46.      Paragraph 46 of the complaint consists of a legal conclusion to which no response is required. To the extent that a response is deemed required, denies the allegations contained in paragraph 46 of the complaint.

47.      Paragraph 47 of the complaint consists of a legal conclusion to which no response is required. To the extent that a response is deemed required, denies the allegations contained in paragraph 47 of the complaint.

## DEFENSES

For its defenses, Defendant alleges as follows:

## FIRST DEFENSE

All of Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*

## SECOND DEFENSE

Plaintiff's damages are limited to the amount claimed administratively pursuant to 28 U.S.C. § 2675(b).

## THIRD DEFENSE

The Court lacks jurisdiction over the subject matter of the claims asserted in the complaint.

## FOURTH DEFENSE

Plaintiff failed to timely file an administrative claim for her alleged injuries pursuant to 28 U.S.C. § 2401(b).

## FIFTH DEFENSE

The complaint fails to state a claim for which relief can be granted.

### SIXTH DEFENSE

Defendant, through its employees, agents, or servants, acted at all relevant times with due care and diligence, and therefore did not breach any duty of care owed to Plaintiff.

### SEVENTH DEFENSE

If Defendant, through its employees, agents, or servants, was negligent – which is specifically denied – such negligence was not the cause in fact or proximate cause of the alleged damages suffered by Plaintiff.

### EIGHTH DEFENSE

Plaintiff had knowledge of and voluntarily assumed the risks incident to the matters alleged in the complaint. The injuries alleged by Plaintiff were caused by and arose out of such risks.

### NINTH DEFENSE

Plaintiff's own culpable conduct or negligence was the sole and/or contributory cause of the injuries set forth in the complaint, and as such Plaintiff is either barred from recovery entirely or else her recovery must be reduced proportionately, in accordance with Section 1411 of the New York Civil Practice Law and Rules ("CPLR").

### TENTH DEFENSE

The liability of Defendant, if any, with respect to any claim by Plaintiff for non-economic loss, is limited pursuant to CPLR § 1601 to an equitable share determined in accordance with the relative culpability of all persons or entities causing or contributing to the total liability for non-economic loss, including persons or entities over whom Plaintiff could have obtained jurisdiction with due diligence.

## ELEVENTH DEFENSE

Plaintiff failed to mitigate her damages.

## TWELFTH DEFENSE

In the event a judgment is awarded to Plaintiff, such judgment must be reduced, pursuant to CPLR § 4545(c) and any other applicable New York State law, by those amounts which have been or will with reasonable certainty be reimbursed or indemnified, in whole or in part, from any collateral source, including but not limited to insurance, Social Security, Worker's Compensation, or employee benefit programs.

## THIRTEENTH DEFENSE

Defendant is not liable for pre-judgment interest or for punitive damages.  *See* 28 U.S.C. § 2674.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to a jury trial for claims against Defendant pursuant to 28 U.S.C. §§ 1346, 2402.

## FIFTEENTH DEFENSE

Plaintiff may not recover costs or attorney's fees in excess of those permitted by 28 U.S.C. §§ 2412, 2678.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of sovereign immunity.


Defendant may have additional defenses which are not known at this time but which may become known through discovery.  Accordingly, Defendant reserves the right to assert each and

7

every affirmative or other defense that may be available, including any defenses available

pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

      WHEREFORE Defendant respectfully requests that the Court: (1) dismiss the complaint

with prejudice; (2) enter judgment in favor of Defendant; and (3) grant such further relief as the

Court deems just and proper.


Dated:      January 22, 2016
             New York, New York

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York

              By:     */s/ Stephen Cha-Kim*
                              STEPHEN CHA-KIM
                              Assistant United States Attorney
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Tel.:  (212) 637-2768
                              Fax:  (212) 637-2702
                              E-mail: stephen.cha-kim@usdoj.gov